USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/8/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. MUHAMMAD MIRZA and ALLIED
MEDICAL AND DIAGNOSTIC SERVICES,
LLC,

                       Plaintiffs,

v.

JOHN DOES #1-2,

                       Defendant.

No. 19-CV-11940 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On December 31, 2019, Plaintiffs Dr. Muhammad Mirza and Allied Medical and Diagnostic Services, LLC filed this action against two unidentified defendants ("John Does #1-2" or the "Doe defendants"), alleging that Defendants published "defamatory reviews . . . on Yelp.com regarding Plaintiffs," and asserting claims for defamation and tortious interference with contracts. *See* Compl., Dkt. 4 ¶ 1. Plaintiff Mirza is a medical doctor and Allied Medical and Diagnostic Services, LLC is his medical practice. *Id.* ¶¶ 4, 11. The allegedly defamatory reviews pertain to those posted on Yelp.com by "disgruntled . . . patients" regarding Plaintiff Mirza's application of Botox injections. On January 6, 2020, Plaintiffs filed a letter motion, seeking permission to conduct expedited discovery from third-party internet service providers, including Yelp.com, in order to identify the names and contact information of the Doe defendants. Dkt. 6.

"When considering whether to grant a motion for expedited discovery prior to the Federal Rules of Civil Procedure Rule 26(f) conference, courts apply a 'flexible standard of reasonableness and good cause.'" *adMarketplace, Inc. v. Tee Support, Inc.*, No. 13 Civ. 5635 (LGS), 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013) (quoting *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239,

241 (S.D.N.Y. 2012)). Courts in this district generally find that this standard is met when "the plaintiff has stated a prima facie case and is unable to identify the defendants without a court-ordered subpoena." *Id.* (citations omitted).

At a minimum, Plaintiffs have established a prima facie case with respect to their defamation claim. To state a claim for defamation under New York law, a plaintiff must show: (1) "a false and defamatory statement of and concerning the plaintiff"; (2) "publication by defendant of such a statement to a third party"; (3) "fault on part of the defendant"; and (4) "injury to plaintiff." *Id.* (quoting *Idema v. Wager*, 120 F.Supp.2d 361, 365 (S.D.N.Y. 2000) *aff'd*, 29 F. App'x 676 (2d Cir. 2002)). Plaintiffs allege that the Doe defendants have published false statements about Plaintiff Mirza's Botox practice, or caused such false statements to be published, on Yelp.com, and that this publication is causing injury to Plaintiffs. This is sufficient for these purposes. *See id.*

Under New York law, "to prove a claim for tortious interference with contracts, a plaintiff must show '(1) the existence of a valid contract between plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procuring of the breach; and (4) damages.'" *Advance Watch Co., Ltd. v. Pennington*, No. 13-CV-8169 (JMF), 2014 WL 5364107, at *5 (S.D.N.Y. Oct. 22, 2014). Although Plaintiffs state in their letter that they have established the required prima facie case for tortious interference with contracts, they cite no authority to support that proposition. *See* Dkt. 6 at 3. Without more, it is not clear that Plaintiffs have in fact established "the existence of a valid contract between" themselves and their "patients, customers, and vendors," as they allege in somewhat conclusory fashion. *See* Compl. ¶ 40. The Court therefore takes no position on whether Plaintiffs have established a prima facie case for their tortious interference claim.

2

Since Plaintiffs have established a prima facie case for their defamation case, though, the Court concludes that there is good cause to allow some expedited discovery in this case. Indeed, "without it, Plaintiff[s] will not be able to ascertain the identifies of the Doe defendants or to effect service upon them." *Malibu Media, LLC v. John Does 1-5*, No. 12 Civ. 2950 (JPO), 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012). The Court thus grants Plaintiffs' request as to Yelp.com.

Plaintiffs have not specified, however, the other "additional third parties" or "internet service providers" on which it seeks to serve subpoenas, or how those parties would have identifying information as to the Doe defendants. The Court therefore denies Plaintiffs' request as to any other third party or internet service provider. If Plaintiffs seek to serve third-party subpoenas on other additional internet service providers, they may file a letter specifying those parties and explaining why good cause exists to allow such expedited discovery.

Accordingly, it is hereby:

ORDERED that Plaintiffs' request for leave to serve third-party subpoenas pursuant to Federal Rule of Civil Procedure 45 in order to identify the Doe defendants is granted as to Yelp.com, but denied as to any other third party or internet service provider.

IT IS FURTHER ORDERED that Plaintiffs shall attach a copy of this Order to all subpoenas served pursuant to this Order.

IT IS FURTHER ORDERED that, once served with a subpoena, the subpoena recipient shall have **10 days** to serve a copy of this Order on Defendants using any reasonable means. Defendants shall have **30 days** from the date this Order is served on them to file any motions with this Court contesting the subpoena, including a motion to quash or modify the subpoena.

The subpoena recipient may not turn over Defendants' information to Plaintiffs before the expiration of this 30-day period. If this period elapses without a Defendant or subpoena

3

recipient contesting the subpoena, the subpoena recipient shall have **10 days** to produce the information responsive to the subpoena to Plaintiffs.

If a motion contesting a subpoena is filed, the subpoena recipient may not turn over any information to Plaintiffs until the Court issues an order instructing the subpoena recipient to resume in turning over the requested discovery. A Defendant who moves to quash or modify the subpoena shall at the same time as his or her filing also notify the subpoena recipient so that the subpoena recipient is on notice not to release any of the Defendant's contact information to Plaintiffs until the Court rules on the motion.

IT IS FURTHER ORDERED that the subpoena recipients shall preserve any subpoenaed information pending the resolution of any timely filed motion contesting the subpoena.

IT IS FURTHER ORDERED that any information disclosed to Plaintiffs in response to the subpoenas may be used by Plaintiffs solely for the purpose of obtaining sufficient information to identify and serve Defendants.

IT IS FURTHER ORDERED that the initial status conference scheduled for March 6, 2020 is adjourned *sine die*.

SO ORDERED.

Dated: January 8, 2020
New York, New York

Ronnie Abrams
United States District Judge