# LEWIS & LIN LLC   MEMO ENDORSED

Brett E. Lewis
David D. Lin

Roberto Ledesma
Justin Mercer
Lauren Valli
Arielle Vishny

81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/11/20
```

Writer's email: David@iLawco.com

March 10, 2020

**VIA ECF**
Judge Ronnie Abrams
Thurgood Marshall United States Court House
40 Foley Square
New York, NY 10007

*Dr. Muhammad Mirza and Allied Medical and Diagnostic Services, LLC*
*v. John Does #1-2*, Civil Action No: 19-CV-11940 (RA)

Dear Judge Abrams:

I am counsel for Dr. Muhammad Mirza and Allied Medical Diagnostic Services, LLC ("Plaintiffs") and write pursuant to Local Civil Rule 37.2 to request leave to conduct expedited discovery prior to the conference required by Federal Rule of Civil Procedure 26. Such discovery would be aimed at identifying Defendant John Doe #1, specifically to subpoena Optimum Online, an Internet Service Provider ("ISP") for information regarding the identity of Defendant John Doe #1.

## FACTUAL BACKGROUND

On January 2, 2020 Plaintiffs brought this action for recovery for defamation and tortious interference with contract based on the unlawful publication in this District of false and misleading, disparaging and defamatory statements regarding Plaintiffs by the Defendants John Does #1-2. These defendants created, or caused to be created, false and defamatory "reviews" about Plaintiffs on the website Yelp.com.

On January 8, 2020, Your Honor granted Plaintiffs' request for expedited discovery with regard only to Yelp.com. (the "Order"). (ECF Doc. No. 7). Your Honor directed Plaintiffs seeking additional expedited discovery of other third parties, including to ISPs, to clarify the party and explain why good cause exists to allow for expedited discovery (ECF Doc. No. 7).

On or about January 14, 2020, Plaintiffs served a subpoena on Yelp.com in attempt to obtain the identity of the defendants in this action. On February 25, 2020 Yelp.com responded to the subpoena and ultimately provided certain identifying information regarding the defendants.

## LEWIS & LIN LLC

With respect to the Defendant John Doe #1, Yelp.com provided a name, an email address, and the IP address associated with the review. Plaintiffs have attempted to use this information to identify Defendant John Doe #1, but have not been able to do so. However, using the IP address, Plaintiffs were able to discern that the ISP of the user who posted the review was Optimum Online.

Accordingly, Plaintiffs seek leave to serve Optimum Online a subpoena pursuant to Federal Rule of Civil Procedure 45. Plaintiffs believe that Optimum Online will have the information and/or documents in its possession, custody or control which positively identify Defendant John Doe #1 and provide a physical address.

## ARGUMENT

### I. Good Cause Exists to Grant Expedited Discovery to Determine the Identify of Defendant John Doe #1.

As Plaintiffs discussed more fully in their previous request for expedited discovery (ECF Doc. No. 5), courts in this district and others "have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)); see *Malibu Media, LLC v. John Does 1-10*, No. 12 Civ. 1146 (JS) (ETB), 2012 WL 1020455, at *1 (E.D.N.Y. Mar. 26, 2012); *Pearson Educ., Inc. v. Doe*, 2012 WL 4832816, at *3 (S.D.N.Y. Oct. 1, 2012). Where a plaintiff has a potentially meritorious claim and no ability to enforce it, courts have found good cause for expedited discovery. See, e.g., *Digital Sin*, 279 F.R.D. at 241.

The information provided by Yelp.com alone is insufficient for Plaintiffs to identify Defendant John Doe #1. Yelp.com did not provide a mailing address or legal name for the defendant. Plaintiffs have attempted to use the information that was provided by Yelp.com to identify the defendant, but despite their best efforts, utilizing both business records and other resources available to them, they have been unable to do so. However, Plaintiffs are confident that Optimum Online will have the requisite information to identify and ultimately serve Defendant John Doe #1. Without this information from Optimum Online, Plaintiffs will be unable to proceed in the present action.

## CONCLUSION

Without leave to conduct expedited discovery with regard to Optimum Online, Plaintiffs have no way to prevent Defendant John Doe #1 from continuing his or her defamatory and harmful activity. Accordingly, Plaintiffs ask the Court for leave to conduct expedited discovery as necessary to learn the identity and contact information for Defendant John Doe #1. This will permit the Plaintiffs to amend the Complaint and serve the identified defendant.

# LEWIS & LIN LLC

Respectfully submitted,

*[signature]*

David D. Lin

---

For the reasons discussed in the Court's January 8, 2020 Order, Dkt. 7, Plaintiffs' request for leave to serve Optimum Online with a third-party subpoena pursuant to Fed. R. Civ. P. 45 is hereby granted. Plaintiffs shall follow the instructions set forth in Dkt. 7 when serving Optimum Online.

SO ORDERED.

*[signature]*

Hon. Ronnie Abrams
3/11/2020

3