# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin
—
Roberto Ledesma
Justin Mercer
Lauren Valli

81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

Writer's email: David@iLawco.com

April 22, 2020

**VIA ECF**
Judge Ronnie Abrams
Thurgood Marshall United States Court House
40 Foley Square
New York, NY 10007

> *Dr. Muhammad Mirza and Allied Medical and Diagnostic Services, LLC*
> *v. John Does #1-2*, Civil Action No: 19-CV-11940 (RA)

Dear Judge Abrams:

      I am counsel for Dr. Muhammad Mirza and Allied Medical Diagnostic Services, LLC ("Plaintiffs") and write pursuant to Local Civil Rule 37.2 to request leave to conduct expedited discovery prior to the conference required by Federal Rule of Civil Procedure 26. Such discovery would be aimed at identifying Defendant John Doe #1, specifically to subpoena Yahoo.com, for information regarding the identity of Defendant John Doe #1.

## FACTUAL BACKGROUND

      On January 2, 2020 Plaintiffs brought this action for recovery for defamation and tortious interference with contract based on the unlawful publication in this District of false and misleading, disparaging and defamatory statements regarding Plaintiffs by the Defendants John Does #1-2. These defendants created, or caused to be created, false and defamatory "reviews" about Plaintiffs on the website Yelp.com.

      On January 8, 2020, Your Honor granted Plaintiffs' request for expedited discovery with regard only to Yelp.com. (the "Order"). (ECF Doc. No. 7).  Your Honor directed Plaintiffs seeking additional expedited discovery of other third parties, including to ISPs, to clarify the party and explain why good cause exists to allow for expedited discovery (ECF Doc. No. 7).

LEWIS & LIN LLC

On or about January 14, 2020, Plaintiffs served a subpoena on Yelp.com in attempt to obtain the identity of the defendants in this action pursuant to Your Honor's order dated January 8, 2020 (ECF Doc. 7). On February 25, 2020 Yelp.com responded to the subpoena and ultimately provided certain identifying information regarding the defendants. With respect to the Defendant John Doe #1, Yelp.com provided a name, an email address, and the IP address associated with the review. Plaintiffs were unable to identify the defendants from this information alone, and on March 10, 2020 sought leave to serve a subpoena on Optimum Online, who Plaintiffs identified as the Internet Service Provider associated with the IP address provided by Yelp.com (ECF Doc. No. 8). On March 11, 2020, Your Honor granted Plaintiffs request. (ECF Doc. No. 19). On March 31, 2020 Plaintiffs served a subpoena on Optimum Online. On April 16, 2020, Optimum Online responded to Plaintiffs' subpoena indicating that the date of the IP address was beyond the scope of their retention policy.

Accordingly, Plaintiffs seek leave to serve Yahoo.com a subpoena pursuant to Federal Rule of Civil Procedure 45. Yahoo.com, who is the web service provider associated with the email address Yelp.com provided in connection with Defendant John Doe #1. Plaintiffs believe that Yahoo.com will have the information and/or documents in its possession, custody or control that will positively identify Defendant John Doe #1 and provide a physical address.

## ARGUMENT

### I. Good Cause Exists to Grant Expedited Discovery to Determine the Identify of Defendant John Doe #1.

As Plaintiffs discussed more fully in their previous request for expedited discovery (ECF Doc. No. 5), courts in this district and others "have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)); see *Malibu Media, LLC v. John Does 1-10*, No. 12 Civ. 1146 (JS) (ETB), 2012 WL 1020455, at *1 (E.D.N.Y. Mar. 26, 2012); *Pearson Educ., Inc. v. Doe*, 2012 WL 4832816, at *3 (S.D.N.Y. Oct. 1, 2012). Where a plaintiff has a potentially meritorious claim and no ability to enforce it, courts have found good cause for expedited discovery. See, e.g., *Digital Sin*, 279 F.R.D. at 241.

The information provided by Yelp.com alone is insufficient for Plaintiffs to identify Defendant John Doe #1. Yelp.com did not provide a mailing address or legal name for the defendant. Plaintiffs have attempted to use the information that was provided by Yelp.com to identify the defendant, but despite their best efforts, utilizing both business records and other resources available to them, they have been unable to do so. Further, Plaintiffs attempted to determine the identify of Defendant John Doe #1 by serving a subpoena on Optimum Online. However, Optimum Online was unable to provide any information about Defendant John Doe #1. Notwithstanding, Plaintiffs are optimistic that Yahoo.com will have the requisite information to identify and ultimately serve Defendant John Doe #1 based on its retention policy for

LEWIS & LIN LLC

subscriber information. Without this information from Yahoo.com, Plaintiffs will be unable to proceed in the present action.

## CONCLUSION

Without leave to conduct expedited discovery with regard to Yahoo.com, Plaintiffs have no way to prevent Defendant John Doe #1 from continuing his or her defamatory and harmful activity. Accordingly, Plaintiffs ask the Court for leave to conduct expedited discovery as necessary to learn the identity and contact information for Defendant John Doe #1. This will permit the Plaintiffs to amend the Complaint and serve the identified defendant.

Respectfully submitted,

David D. Lin

For the reasons discussed in the Court's January 8, 2020 Order, Dkt. 7, Plaintiffs' request for leave to serve Yahoo.com with a third-party subpoena pursuant to Fed. R. Civ. P. 45 is hereby granted.  Plaintiffs shall follow the instructions set forth in Dkt. 7 when serving Yahoo.com.

SO ORDERED.

Hon. Ronnie Abrams
4/23/2020